UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
AT MEMPHIS

| | |
|---|---|
| THOMAS JOSEPH BUCK, | ) |
| | ) |
| Plaintiff–Respondent, | ) |
| | ) |
| v. | ) Case No. _____ |
| | ) |
| JANICE J. COMPTON, | ) |
| | ) |
| Defendant–Claimant, | ) |

**MOTION TO VACATE ARBITRATION AWARD**

Pursuant to 9 U.S.C. § 10, Thomas Joseph Buck, Plaintiff–Respondent, moves the Court to vacate the May 6, 2022, arbitration award (the "Award") issued by the Financial Industry Regulatory Authority ("FINRA") in favor of Janice J. Compton, Defendant–Claimant.

As explained more fully in the accompanying memorandum in support, in awarding Ms. Compton $7,526,826, the "arbitrators exceeded their powers," 9 U.S.C. § 10(a)(4), and acted in "manifest disregard of the law," *In re Romanzi*, 31 F. 4th 367, 375 (6th Cir. 2022) (quotation omitted). The Panel did so in five ways.[1]

First, Ms. Compton's claims preceding July 31, 2014, were not eligible for arbitration under FINRA Rule 12206(a), which establishes a six-year, absolute time bar. The Panel had no authority to adjudicate Ms. Compton's claims arising from events which she admitted transpired prior to July 31, 2014, due to this arbitration rule that is tantamount to a statute of repose, as Mr. Buck advised the Panel. Thus, the Panel exceeded its authority and rendered the Award in manifest disregard of the law.

---

[1] The relevant documents from the arbitration proceeding are attached to Mr. Buck's contemporaneously filed Appendix, which is abbreviated as "App'x."

Second, Ms. Compton's claim under the federal Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq.*, fails as a matter of law because her claims do not fall within RICO's "conviction exception" for securities fraud, as Mr. Buck advised the Panel. The Panel thus exceeded its authority and rendered the Award in manifest disregard of the law.

Third, Ms. Compton's claim under the Indiana Corrupt Business Influence Act ("ICBIA"), Ind. Code § 34-2-2-6 *et seq.*, is time barred by the applicable two-year statute of limitations, as Mr. Buck advised the Panel. Thus, the Panel exceeded its authority and rendered the Award in manifest disregard of the law.

Fourth, the Panel awarded interest for well-managed damages, despite expressly deciding not to award any well-managed damages. (App'x 6, Award, p. 3.) That makes no sense. The law does not permit an award of interest on a non-existent monetary judgment as Mr. Buck advised the Panel. The Panel thus exceeded its authority and rendered the Award in manifest disregard of the law.

Fifth, the Panel failed to offset from the awarded damages the approximately $6.5 million that Ms. Compton *already received* from settlements with Merrill Lynch Pierce Fenner & Smith Inc. ("Merrill Lynch") and the Securities and Exchange Commission Victims Compensation Fund ("SEC Fund") prior to the arbitration hearings and as set forth in the damages calculation Claimant presented to the arbitrators. Ms. Compton and Mr. Buck advised the Panel of the amount of the offset. As conceded by Ms. Compton during the arbitration, well-established law required the Panel to offset those settlement amounts from the Award. Yet the Panel did not do so, thereby exceeding its authority and rendering the Award in manifest disregard of the law.

Mr. Buck therefore respectfully requests that the Court vacate the Award.

Respectfully submitted,

s/ Salvador M. Hernandez
Salvador M. Hernandez (20121)
Keane A. Barger (33196)
RILEY & JACOBSON, PLC
1906 West End Avenue
Nashville, TN 37203
(615-320-3700
(615) 320-3737 (facsimile)
shernandez@rjfirm.com
kbarger@rjfirm.com

*Counsel for Plaintiff–Respondent*

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing has been served upon the following via the Court's ECF system, U.S. mail, and email:

Niel Prosser
James T. Ritt
Rob Clapper
Kyle Johnson
PROSSER, CLAPPER & JOHNSON PLC
5865 Ridgeway Center Pkwy, Suite 300
Memphis, TN 38120
(901) 820-4433
np@proserlaw.com
jritt@prosserlaw.com
rclapper@prosserlaw.com
kjohnson@prosserlaw.com

*Counsel for Defendant–Claimant*

this 6th day of June 2022.

                s/ Salvador M. Hernandez