# EXHIBIT 6

**Award**
**FINRA Dispute Resolution Services**

---

In the Matter of the Arbitration Between:

| | |
|---|---|
| <u>Claimant</u><br>Janice J. Compton | Case Number: 20-02468 |
| vs. | |
| <u>Respondents</u><br>Merrill Lynch Pierce Fenner & Smith Inc.<br>Thomas Joseph Buck | Hearing Site: Memphis, Tennessee |

---

Awards are rendered by independent arbitrators who are chosen by the parties to issue final, binding decisions. FINRA makes available an arbitration forum—pursuant to rules approved by the SEC—but has no part in deciding the award.

Nature of the Dispute: Customer vs. Member and Associated Person

This case was decided by an all-public panel.

The evidentiary hearing was conducted partially by videoconference.

## REPRESENTATION OF PARTIES

For Claimant Janice J. Compton: Niel Prosser, Esq., Rob Clapper, Esq. and Kyle Johnson, Esq., The Prosser Law Firm, PLC, Memphis, Tennessee.

For Respondent Merrill Lynch Pierce Fenner & Smith Inc. ("MLPFS"): Stephen Scotch-Marmo, Esq., Morgan, Lewis & Bockius LLP, Boston, Massachusetts.

For Respondent Thomas Joseph Buck ("Buck"): David E. Robbins, Esq. and Sam Silverstein, Esq., Kaufmann Gildin & Robbins, LLP, New York, New York.

## CASE INFORMATION

Statement of Claim filed on or about: July 31, 2020.
Janice J. Compton signed the Submission Agreement: July 30, 2020.

Statement of Answer filed by Respondent MLPFS on or about: September 29, 2020.
MLPFS signed the Submission Agreement: September 29, 2020.

Statement of Answer filed by Respondent Buck on or about: October 15, 2020.
Thomas Joseph Buck signed the Submission Agreement: September 17, 2020.

## CASE SUMMARY

In the Statement of Claim, Claimant asserted the following causes of action: violation of Indiana's Corrupt Business Influence Act - Operating An Enterprise Through A Pattern Of Racketeering; violation of Indiana Corrupt Business Influence Act - Use Of Racketeering Proceeds to Operate an Enterprise; violation of the Racketeer Influenced and Corrupt Organization Act - Operating An Enterprise Through A Pattern Of Racketeering; Civil Recovery Under Indiana's Crime Victim Statute; breach of fiduciary duty; fraud; and negligent supervision and ratification. The causes of action relate to overtrading of long-term securities and overcharging of commissions by Respondent Buck in Claimant's MLPFS accounts, and the alleged lack of supervision by Respondent MLPFS.

Unless specifically admitted in its Statement of Answer, Respondent MLPFS denied the allegations made in the Statement of Claim and asserted various affirmative defenses.

Unless specifically admitted in his Statement of Answer, Respondent Buck denied the allegations made in the Statement of Claim and asserted various affirmative defenses.

## RELIEF REQUESTED

In the Statement of Claim, Claimant requested: an amount equal to the returns Claimant lost due to Respondents' alleged failure to prudently manage her accounts (e.g. well-managed damages); disgorgement of the balance of the commissions Claimant had not recovered to date from the SEC's Victim's Fund; pre-judgement interest at the highest rate allowed by law; treble damages; attorneys' fees, costs and expenses; punitive/exemplary damages; and such other, different or additional relief and damages which the Panel deemed to be just and equitable.

In its Statement of Answer, Respondent MLPFS requested the denial of Claimant's claims in their entirety.

In his Statement of Answer, Respondent Buck requested: dismissal of all causes of action against him in their entirety; Claimant take nothing further by way of her Statement of Claim; an assessment of his portion of the forum fees against Claimant; an award for costs and expenses, including reasonable attorneys' fees and expert fees incurred in defending this arbitration; and any other relief that the Panel deemed just and proper.

## OTHER ISSUES CONSIDERED AND DECIDED

The Arbitrators acknowledge that they have each read the pleadings and other materials filed by the parties.

On October 11, 2021, Respondent Buck filed a Motion to Dismiss pursuant to Rule 12206 of the Code of Arbitration Procedure (the "Code"), in which he asserted, among other things, that Claimant's claims that arose out of transactions or occurrences prior to August 2014 were time-barred and ineligible for arbitration as they occurred over six years prior to Claimant's filing of her arbitration. In her November 12, 2021, Response to Motion to Dismiss Pursuant to Rule 12206 of the Code, Claimant argued, among other things, that FINRA recognizes that when appropriate, eligibility is measured from the date of discovery or from the last "occurrence or event" that makes the claim viable - not the date of the transaction, and that Claimant's claims arose at the earliest in

2015 with Respondent Buck's termination. In his November 19, 2021, Reply to Opposition to Motion To Dismiss Pursuant to Rule 12206 of the Code, Respondent Buck asserted, among other things, that Claimant was aware of Respondent Buck's transactions at issue and that there was no continuing wrongdoing.

On November 15, 2021, Respondent MLPFS filed a Motion to Dismiss Pursuant to Rule 12206 of the Code, in which it asserted that Claimant's claims that arose out of transactions or occurrences prior to October 5, 2013, were time-barred and ineligible for arbitration as they occurred over six years prior to Claimant's filing of her arbitration.

On December 22, 2021, Claimant filed a notice of voluntary dismissal with prejudice only as to her claims against Respondent MLPFS, which rendered Respondent MLPFS's Motion to Dismiss moot. Therefore, the Panel made no determination with respect to any of the relief requests against Respondent MLPFS contained in the Statement of Claim.

On January 19, 2022, the Panel conducted a recorded telephonic pre-hearing so the parties could present oral arguments on Respondent Buck's Motion to Dismiss. On January 20, 2022, the Panel issued an Order in which it denied Respondent Buck's Motion to Dismiss.

The Award in this matter may be executed in counterpart copies.

## AWARD

After considering the pleadings, the testimony and evidence presented at the hearing, and any post-hearing submissions, the Panel has decided in full and final resolution of the issues submitted for determination as follows:

1. Respondent Thomas Joseph Buck is liable for and shall pay to Claimant the sum of $770,269.00 in compensatory damages.

2. Respondent Thomas Joseph Buck is liable for and shall pay to Claimant interest on the well-managed damages amount of $5,812,948.80, which represents 80% of the overall loss value of the accounts requested by Claimant, at the rate of 8% per annum from March 25, 2018, through and including March 25, 2022. The total interest awarded is $1,860,144.00. Please note that the Panel is not awarding the well-managed damages amount of $5,812,948.80. It is only basing its interest calculations on the amount of well-managed damages.

3. Respondent Thomas Joseph Buck is liable for and shall pay to Claimant the sum of $2,310,806.00 in treble damages pursuant to 18 U.S.C. 1964(c) - the Racketeer Influenced and Corrupt Organization Act, and the Indiana Corrupt Business Influence Act (Indiana Code Ann. § 35-45-6-2).

4. Respondent Thomas Joseph Buck is liable for and shall pay to Claimant the sum of $2,585,232.00 in attorneys' fees pursuant to 18 U.S.C. 1964(c) - the Racketeer Influenced and Corrupt Organization Act, and the Indiana Corrupt Business Influence Act (Indiana Code Ann. § 35-45-6-2).

5. Respondent Thomas Joseph Buck is liable and shall reimburse Claimant the sum of $375.00, which represents the non-refundable portion of the filing fee previously paid by Claimant to FINRA Dispute Resolution Services.

6. Any and all claims for relief not specifically addressed herein are denied.

## FEES

Pursuant to the Code of Arbitration Procedure ("Code"), the following fees are assessed:

### Filing Fees
FINRA Dispute Resolution Services assessed a filing fee* for each claim:

| | |
|---|---|
| Initial Claim Filing Fee | =$ 1,575.00 |

*The filing fee is made up of a non-refundable and a refundable portion.

### Member Fees
Member fees are assessed to each member firm that is a party in these proceedings or to the member firm(s) that employed the associated person(s) at the time of the event(s) giving rise to the dispute. Accordingly, as a party, Respondent Merrill Lynch Pierce Fenner & Smith, Inc. is assessed the following:

| | |
|---|---|
| Member Surcharge | =$ 1,900.00 |
| Member Process Fee | =$ 3,750.00 |

### Postponement Fees
Postponements granted during these proceedings for which fees were assessed or waived:

| | |
|---|---|
| February 25, 2022, postponement requested by Claimant and consented to by Respondent Buck | =$ 1,125.00 |
| Total Postponement Fees | =$ 1,125.00 |

The Panel has assessed $562.50 of the postponement fees to Claimant.

The Panel has assessed $562.50 of the postponement fees to Respondent Buck.

### Last-Minute Cancellation Fees
Fees apply when a hearing on the merits is cancelled within ten calendar days before the start of a scheduled hearing session:

| | |
|---|---|
| February 25, 2022, cancellation requested by Claimant and consented to by Respondent Buck | =$ 1,800.00 |
| Total Last-Minute Cancellation Fee | =$ 1,800.00 |

The Panel has assessed $900.00 of the last-minute cancellation fee to Claimant.

The Panel has assessed $900.00 of the last-minute cancellation fee to Respondent Buck.

**Hearing Session Fees and Assessments**
The Panel has assessed hearing session fees for each session conducted. A session is any meeting between the parties and the Arbitrator(s), including a pre-hearing conference with the Arbitrator(s), which lasts four (4) hours or less. Fees associated with these proceedings are:

| | | | |
|---|---|---|---|
| Four (4) pre-hearing sessions with a single Arbitrator @ $450.00/session | | | =$ 1,800.00 |
| Pre-Hearing Conferences: | December 9, 2020 | 1 session | |
| | February 11, 2021 | 1 session | |
| | June 16, 2021 | 1 session | |
| | August 17, 2021 | 1 session | |

| | | | |
|---|---|---|---|
| Ten (10) pre-hearing sessions with the Panel @ $1,125.00/session | | | =$ 11,250.00 |
| Pre-Hearing Conferences: | November 23, 2020 | 1 session | |
| | January 27, 2021 | 1 session | |
| | April 2, 2021 | 1 session | |
| | October 21, 2021 | 1 session | |
| | November 3, 2021 | 2 sessions | |
| | November 5, 2021 | 2 sessions | |
| | November 23, 2021 | 1 session | |
| | January 19, 2022 | 1 session | |

| | | | |
|---|---|---|---|
| Twenty-four (24) hearing sessions @ $1,125.00/session | | | =$ 27,000.00 |
| Hearings: | February 17, 2022 | 2 sessions | |
| | February 18, 2022 | 2 sessions | |
| | February 21, 2022 | 2 sessions | |
| | February 22, 2022 | 3 sessions | |
| | February 23, 2022 | 2 sessions | |
| | February 24, 2022 | 2 sessions | |
| | March 21, 2022 | 2 sessions | |
| | March 22, 2022 | 3 sessions | |
| | March 23, 2022 | 3 sessions | |
| | March 24, 2022 | 2 sessions | |
| | March 25, 2022 | 1 session | |

---

Total Hearing Session Fees                                                                                          =$ 40,050.00

The Panel has assessed $6,412.50 of the hearing session fees to Claimant.

The Panel has assessed $5,512.50 of the hearing session fees jointly and severally to Respondents MLPFS and Buck.

The Panel has assessed $28,125.00 of the hearing session fees to Respondent Buck.

All balances are payable to FINRA Dispute Resolution Services and are due upon receipt.

## ARBITRATION PANEL

| | | |
|---|---|---|
| Gary E. Marcus | - | Public Arbitrator, Presiding Chairperson |
| Ian S. Greig | - | Public Arbitrator |
| Mollie Wagner Neal | - | Public Arbitrator |

I, the undersigned Arbitrator, do hereby affirm that I am the individual described herein and who executed this instrument, which is my award.

**Concurring Arbitrators' Signatures**


*Gary E. Marcus*                                             05/06/2022
Gary E. Marcus                                               Signature Date
Public Arbitrator, Presiding Chairperson


*Ian S. Greig*                                               05/06/2022
Ian S. Greig                                                 Signature Date
Public Arbitrator


*Mollie Wagner Neal*                                         05/06/2022
Mollie Wagner Neal                                           Signature Date
Public Arbitrator


Awards are rendered by independent arbitrators who are chosen by the parties to issue final, binding decisions. FINRA makes available an arbitration forum—pursuant to rules approved by the SEC—but has no part in deciding the award.


May 06, 2022
Date of Service (For FINRA Dispute Resolution Services use only)