IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| THOMAS JOSEPH BUCK, ) | |
| ) | |
| Plaintiff-Respondent, ) | |
| ) | |
| v. ) | Case No. 2:22-mc-00017-JTF-tmp |
| ) | |
| JANICE J. COMPTON, ) | |
| ) | |
| Defendant-Claimant. ) | |

**ORDER AWARDING PREJUDGMENT AND POSTJUDGMENT INTEREST**

This matter comes before the Court on remand from the U.S. Court of Appeals from the Sixth Circuit. (ECF No. 33.) Therein, the Sixth Circuit directed the Court to consider Defendant-Claimant Janice J. Compton's request for pre- and post-judgment interest as set forth in her Petition to Confirm Arbitration Award, filed on August 2, 2022. (ECF No. 18 (sealed).) On April 30, 2024, the parties filed supplemental briefings addressing the propriety of awarding prejudgment interest. (ECF Nos. 40 & 41.) For the reasons set forth below, Compton is **AWARDED** pre-judgment interest totaling $102,152.22 and post-judgment interest at a rate of 4.73% from the date of entry of judgment on January 3, 2023.

**I.  Prejudgment Interest**

Compton seeks prejudgment interest running from May 6, 2022, the day she received the arbitration award, until January 3, 2023, the day that the Court entered its Judgment confirming the award, at a rate of 10% per annum. (ECF No. 41, 9-10.) Plaintiff-Respondent Thomas Joseph Buck opposes this, arguing that Compton was dilatory in pursuing her claim, that the award of any additional interest in addition to the arbitration award would yield a windfall, and that even if the

Court finds that prejudgment interest should be awarded, the 10% rate would be excessive. (ECF No. 40.)

### A. Legal Standard

"Federal law controls post-judgment interest for state-law claims and state law governs awards of prejudgment interest." *Spizizen v. Nat'l City Corp.*, 516 F. App'x 426, 432 (6th Cir. 2013). In Tennessee,[1] prejudgment interest may be awarded as an element of damages under Tenn. Code Ann. § 47–14–123 "in accordance with the principles of equity at any rate not in excess of a maximum effective rate of ten percent (10%) per annum." Tenn. Code Ann. § 47-14-123; *Stamtec, Inc. v. Anson Stamping Co.*, 346 F.3d 651, 659 (6th Cir. 2003). Prejudgment interest "should be calculated at simple interest." *Otis v. Cambridge Mut. Fire. Ins. Co.*, 850 S.W.2d 439, 447 (Tenn. 1992).

Although awarding prejudgment interest is discretionary, Tennessee Supreme Court precedent creates a presumption in favor of granting prejudgment interest under the statute. *Stamtec, Inc.*, 346 F.3d at 660. The purpose of awarding interest "is to fully compensate a plaintiff for the loss of the use of funds to which he or she was legally entitled, not to penalize a defendant for wrongdoing." *Myint v. Allstate Ins. Co.*, 970 S.W.2d 920, 927 (Tenn. 1998) (citation omitted). "Awards of prejudgment interest are more likely to occur 'whenever doing so will more fully compensate plaintiffs for the loss of use of their funds.'" *101 Constr. Co. v. Hammet*, 603 S.W.3d 786, 802 (Tenn. Ct. App. 2019), *appeal denied* (Mar. 26, 2020) (quoting *Scholz v. S.B. Int'l, Inc.*, 40 S.W.3d 78, 83 (Tenn. Ct. App. 2000)). "Fairness will, in almost all cases, require that a successful plaintiff be fully compensated by the defendant for all losses caused by the defendant,

---

[1] The parties agree that Tennessee's prejudgment interest statute governs here. (*See* ECF Nos. 40, 2 & 41, 4-5.)

including the loss of use of money the plaintiff should have received." *E Sols. for Buildings, LLC v. Knestrick Contractor, Inc.*, No. M201802028COAR3CV, 2019 WL 5607473, at *13 (Tenn. Ct. App. Oct. 30, 2019), *appeal denied* (Mar. 26, 2020) (quoting *Scholz*, 40 S.W.3d at 83).

In reaching an equitable decision, courts must keep in mind "'the particular circumstances of the case' and select a rate that is fair to both parties." *Am.'s Collectibles Network, Inc. v. Sterling Commerce (Am.), Inc.*, 819 F. App'x 397, 403 (6th Cir. 2020) (quoting *Myint*, 970 S.W.2d at 927). Equitable factors for a court's consideration include: "(1) promptness in the commencement of a claim, (2) unreasonable delay of the proceedings by either party, (3) abusive litigation practices by either party, (4) the certainty of the existence of an underlying obligation, ([5]) the certainty of the amount in dispute, and ([6]) prior compensation for the lost time value of the plaintiff's money." *Newman v. Shelby Cnty. Bd. of Educ.*, No. 216CV02127SHLCGC, 2021 WL 3264307, at *3 (W.D. Tenn. Jan. 27, 2021) (quoting *Cook's Roofing, Inc. v. Hartford Underwriters Ins. Co.*, No. W201900271COAR3CV, 2020 WL 4151216, at *17 (Tenn. Ct. App. July 20, 2020), *appeal denied* (Nov. 17, 2020)). A court may find an award of prejudgment interest to be inappropriate if (1) the party seeking prejudgment interest has been so inexcusably dilatory in pursuing a claim that consideration of a claim based on loss of use of the money would have little weight; (2) the party seeking prejudgment interest has unreasonably delayed the proceedings after suit was filed; or (3) the party seeking prejudgment interest has already been otherwise compensated for the lost time value of its money. *Scholz*, 40 S.W.3d at 83 (internal citations omitted).

**B. Whether Prejudgment Interest Should be Awarded**

Turning first to the propriety of awarding prejudgment interest, Compton insists that prejudgment interest should be awarded under the six factor test because (1) she sought confirmation of the award within three months of its issuance despite having up to a year to do so;

(2) Buck has unreasonably delayed the litigation and employed abusive litigation practices; (3) Buck attempted to relitigate the underlying facts and repeatedly failed to show any manifest disregard of the law; (4) the award was highly unlikely to be reversed; (5) the underlying obligation was certain since the Award was a sum certain; and (6) Buck has so far not paid anything toward the award and Compton has received no compensation for the lost time value of the money owed to her. (ECF No. 41, 7-8.)

Buck argues that the arbitration award was in dispute and reasonable grounds existed for him to challenge its lawfulness. (ECF No. 40, 3.) In support, he quotes a paragraph from the Sixth Circuit's opinion where they indicate that the appeal raised several unresolved legal issues. (*Id.* at 4 (quoting *Buck v. Compton*, 2023 WL 8812472, *9 (6th Cir. 2020).) He acknowledges that neither of these considerations require the denial of prejudgment interest but claims that they can still be considered in making that determination. (*Id.*)

The first factor weighs in Compton's favor because she was prompt in filing this confirmation action and Buck does make a colorable argument to the contrary. (*See* ECF No. 41, 7.) The fourth and fifth factor also support awarding prejudgment interest, since the arbitration award was a sum certain that was highly unlikely to be reversed. *See Wooten v. Black*, No. M200900963COAR3CV, 2009 WL 4841066, at *3 (Tenn. Ct. App. Dec. 15, 2009) ("The fact that Black disputed the amount that he owed Wooten does not stand for the principle that the amount was unreasonable to ascertain."). Buck does not suggest that Compton has been compensated for the lost time value of her money, so the sixth factor similarly favors awarding prejudgment interest. The second and third factor weigh in Buck's favor. Compton argues that Buck's challenge to the arbitration award unreasonably delayed the litigation and demonstrated abusive litigation practices. This argument is rehashed from her cross-motion for sanctions on appeal. The Sixth

Circuit held that "having a steep hill to climb on appeal does not make an appeal frivolous" and rejected the argument outright. *Compton*, No. 23-5092, 2023 WL 8812472, at *9. Further, as Buck urges the Court to consider, the appeal raised several unresolved legal issues, so it would be improper to draw any adverse inference from his challenge to the arbitration award in this Court or on appeal. (ECF No. 40, 3.) The Court follows the Sixth Circuit in discounting Compton's claims that Buck's challenge to the arbitration award was frivolous or sanctionable.

On balance, four of the six equitable factors favor the award of prejudgment interest. When read together, they suggest that although Buck did not employ abusive or dilatory litigation tactics, Compton has not been fully compensated. The Court finds that awarding prejudgment interest is equitable in this case given Tennessee's presumption in favor of awarding prejudgment interest and the underlying policy rationale for awarding prejudgment interest—to make the injured party whole. *See Stamtec, Inc.*, 346 F.3d at 660; *see also Myint*, 970 S.W.2d at 927.

**C. The Proper Prejudgment Interest Rate**

To determine the prejudgment interest rate, the Court must consider what rate "is fair, given the particular circumstances of the case." *Myint*, 970 S.W.2d at 927. Compton seeks a 10% interest rate, which is the maximum statutory rate. (ECF No. 41, 8.) Buck contends that the rate should be 2.10%, the one-year constant maturity treasury yield used for federal post-judgment rates as of the date of the arbitration award. (ECF No. 40, 5.)

Recent cases have applied a 5% interest rate. *See, e.g.*, *Newman*, No. 216CV02127SHLCGC, 2021 WL 3264307, at *5; *Williams v. Shelby Cty. Bd. of Educ.*, No. 217CV02050TLPJAY, 2020 WL 7061763, at *4 (W.D. Tenn. Dec. 2, 2020); *see also Bennett v. Highland Graphics, Inc.*, No. 3:14-CV-02408, 2017 WL 4512470, at *6 (M.D. Tenn. Oct. 10, 2017); *MAKS Gen. Trading & Contracting Co. v. Sterling Operations, Inc.*, No. 3:10-CV-443,

2014 WL 297291, at *2 (E.D. Tenn. Jan. 27, 2014), *report and recommendation adopted*, No. 3:10-CV-443-TAV-HBG, 2014 WL 688102 (E.D. Tenn. Feb. 20, 2014); *Nat'l Fitness Ctr., Inc. v. Atlanta Fitness*, No. 3:09-cv-133, 2013 WL 6231774, at *3 (E.D. Tenn. Dec. 2, 2013).

Given the uniformity of prevailing practice in this district court and other federal courts in the state, and the fact that two of the six equitable factors do not favor awarding prejudgment interest, the Court exercises its discretion and awards prejudgment interest at a rate of 5%.

The parties agree that the prejudgment period runs from May 6, 2022[2] to January 3, 2023. (ECF Nos. 40, 2 & 41, 10.) Hence, the only remaining consideration is whether the 5% rate should be applied to the entire $7,526,826 award—the sum of $770,269.00 in compensatory damages, $1,860,144.00 in pre-award interest, $2,310,806.00 in treble damages, $2,585,232.00 in attorneys' fees, and the $375.00 filing fee — or to some portion of it. (ECF No. 1-9, 4 (sealed).) Buck argues that only the compensatory damages of $770,269.00 should be used to determine the prejudgment interest award because the purpose of awarding prejudgment interest is to compensate the injured party for loss of use of the money that they would have had but for the wrongful conduct. (ECF No. 40, 4.) Compton seeks interest on the award excluding only the pre-award interest, which would amount to $5,666,682. (ECF No. 41, 10.)

Buck maintains that $2,310,806.00 in treble damages should be excluded because it is not compensatory. He does not cite any Tennessee authorities in support of this proposition, and the Court is not aware of any. However, the Sixth Circuit has held that prejudgment interest that factored in federal RICO treble damages was proper because they are not punitive in nature. *See In re ClassicStar Mare Lease Litig.*, 727 F.3d 473, 496-97 (6th Cir. 2013). The same reasoning

---

[2] In her brief, Compton occasionally states that the period should run from May 5, 2022 as opposed to May 6, 2022. (*See, e.g.,* ECF No. 41, 10.) The Court presumes that this is a typographical error, because she unambiguously states elsewhere that the panel issued its award on May 6, 2022, and the record reflects the same.

extends to the state RICO treble damages at issue here. Therefore, the treble damages will remain part of the award calculation. The Court next considers whether the $2,585,232.00 in attorneys' fees should be factored into the prejudgment interest calculation. The Tennessee Court of Appeals has held that it generally does not. *Fulmer v. SARCO, GP*, No. M202201479COAR3CV, 2023 WL 5787082, at *7 (Tenn. Ct. App. Sept. 7, 2023) (collecting cases). Excluding attorneys' fees also fits well with the equitable purpose of awarding prejudgment interest, to compensate the injured party for the lost time value of the money owed to *her*. The Court finds that attorneys' fees should be excluded from the prejudgment interest calculation.

Compton is entitled to prejudgment interest at a rate of 5% based on the amount of $3,081,450.00, the arbitration award excluding pre-award interest and attorneys' fees for the 242-day period between when she received the award, and when the Court affirmed it. This yields a prejudgment interest award of $102,152.22.

## II.     Post-Judgment Interest

Once a district court has entered final judgment awarding attorney's fees, the prevailing party can also recover post-judgment interest on that award under 28 U.S.C. § 1961(a). This statute provides for recovery of post-judgment interest on "any money judgment in a civil case recovered in a district court," which includes attorney's fees. *Associated Gen. Contractors of Ohio, Inc. v. Drabik*, 250 F.3d 482, 484–85 (6th Cir. 2001). Post-judgment interest awarded under this statute should be calculated "from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield ... for the calendar week preceding the date of the judgment." 28 U.S.C. § 1961(a).

The Court confirmed Compton's arbitration award for $7,526,826.00 and entered judgment in the case on January 3, 2023. (ECF Nos. 22 (sealed) & 23.) As the prevailing party, Compton is

entitled to post-judgment interest on that award starting from January 3, 2023. *See Drabik*, 250 F.3d at 484–85. This interest should be calculated at a rate of 4.73%, "the weekly average 1-year constant maturity treasury yield ... for the calendar week preceding" January 3, 2023, and compounded annually.[3] 28 U.S.C. § 1961(a). Post-judgment interest is awarded through the date the judgment is satisfied, meaning that the Parties are in the best position to calculate the total dollar amount owed. *See G.S. v. Lee*, No. 2:21-cv-02552-SHL-ATC, 2023 WL 7346556, at *3 (W.D. Tenn. Nov. 7, 2023).

### III.    Conclusion

Consistent with the foregoing, Compton is **AWARDED** prejudgment interest totaling $102,152.22, and post-judgment interest at a rate of 4.73% from the date of entry of judgment on January 3, 2023.

**IT IS SO ORDERED**, this 3rd day of May, 2024.

<u>s/John T. Fowlkes, Jr.</u>
JOHN T. FOWLKES, JR.
United States District Judge

---

[3] *See* Market Yield on U.S. Treasury Securities at 1-Year Constant Maturity, Quoted on an Investment Basis (DGS1), St. Louis Fed, https://fred.stlouisfed.org/series/DGS1 (last visited May 2, 2024).